IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN BELL, SR., JOHN BELL, JR., and ) <br> DALLAS BELL d/b/a HAM & EGGS ) <br> and DALLAS BELL, INC. d/b/a HAM & ) <br> EGGS ) <br> ) <br> Defendants. ) <br> _____ ) | CIVIL ACTION NO. <br><br> **1:05CV00745** <br><br> <u>COMPLAINT</u> <br><br> <u>JURY TRIAL DEMAND</u> |

<u>NATURE OF THE ACTION</u>

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices based on retaliation, and to provide appropriate relief to Sharon Phillips who was adversely affected by the practices. The Commission alleges that Defendants John Bell, Sr., John Bell, Jr. and Dallas Bell d/b/a Ham & Eggs, and Dallas Bell, Inc. d/b/a Ham & Eggs (collectively "Defendants") discriminated against Sharon Phillips by discharging her in retaliation for her complaint of sex harassment.

<u>JURISDICTION AND VENUE</u>

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2       The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina

PARTIES

3       Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U S C §2000e-5(f)(1) and (3)

4       At all relevant times, Defendant John Bell, Sr has conducted business under the name "Ham & Eggs" and as such has done business in the State of North Carolina and the cities of Yadkinville and Jonesville, and has continuously had at least fifteen employees

5       At all relevant times, Defendant John Bell, Sr d/b/a Ham & Eggs has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U S C §§2000e(b), (g) and (h)

6       At all relevant times, Defendant John Bell, Jr has conducted business under the name "Ham & Eggs" and as such has done business in the State of North Carolina and the cities of Yadkinville and Jonesville, and has continuously had at least fifteen employees

7       At all relevant times, Defendant John Bell, Jr d/b/a Ham & Eggs has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U S C §§2000e(b), (g) and (h)

8       Upon information and belief, at all relevant times Defendant Dallas Bell has conducted business under the name "Ham & Eggs" and as such has done business in the State of

2

North Carolina and the cities of Yadkinville and Jonesville, and has continuously had at least fifteen employees

9. Upon information and belief, at all relevant times Defendant Dallas Bell d/b/a Ham & Eggs has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U S C §§2000e(b), (g) and (h)

10. Upon information and belief, Defendants John Bell, Sr , John Bell, Jr and Dallas Bell jointly owned and operated the Ham & Eggs restaurants in Yadkinville and Jonesville, North Carolina until in or around October 2004

11. Upon information and belief, in or around October 2004, Defendants John Bell, Sr and Dallas Bell transferred ownership of the Ham & Eggs restaurants in Yadkinville and Jonesville, North Carolina to a corporation known as "Dallas Bell, Inc "

13. Since October 2004, Defendant Dallas Bell, Inc has continuously been a North Carolina corporation doing business in the State of North Carolina and the cities of Yadkinville and Jonesville, and has continuously had at least fifteen employees

14. Since October 2004, Defendant Dallas Bell, Inc has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U S C §§2000e(b), (g) and (h)

## STATEMENT OF CLAIMS

15. More than thirty days prior to the institution of this lawsuit, Sharon Phillips filed a charge with the Commission alleging violations of Title VII by Defendants All conditions precedent to the institution of this lawsuit have been fulfilled

3

16. On or about July 14, 2003, Defendants engaged in unlawful employment practices at their Yadkinville, North Carolina restaurant in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), by discharging Sharon Phillips because she opposed employment practices made unlawful by Title VII. Specifically, on or about July 13, 2003, Ms. Phillips complained to Defendants that a co-worker had sexually harassed her by subjecting her to a sexual assault. Thereafter, on or about July 14, 2003, Defendants discharged Ms. Phillips in retaliation for her complaint.

17. The effect of the practices complained of in paragraph 16 above has been to deprive Sharon Phillips of equal employment opportunities and otherwise adversely affect her status as an employee, because of her opposition to practices made unlawful under Title VII.

18. The unlawful employment practices complained of in paragraph 16 above were intentional.

19. The unlawful employment practices complained of in paragraph 16 above were done with malice or with reckless indifference to the federally protected rights of Sharon Phillips.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in retaliation against employees because they have opposed employment practices or otherwise engaged in protected activity under Title VII.

B. Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for employees who oppose, or have opposed unlawful

4

employment practices or otherwise engage in protected activity under Title VII, and which eradicate the effects of their past and present unlawful employment practices

C. Order Defendants to make whole Sharon Phillips by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement

D. Order Defendants to make whole Sharon Phillips by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of in paragraph 16 above, including but not limited to job search expenses and medical expenses, in amounts to be determined at trial

E. Order Defendants to make whole Sharon Phillips by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 16 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and loss of civil rights in amounts to be determined at trial

F. Order Defendants to pay Sharon Phillips punitive damages for their malicious and reckless conduct, as described in paragraph 16 above, in amounts to be determined at trial

G. Grant such further relief as the Court deems necessary and proper in the public interest

H. Award the Commission its costs of this action

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint

DATED this 26th day of AUGUST, 2005

Respectfully submitted,

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

*Lynette A. Barnes* by Zoe
LYNETTE A. BARNES
Acting Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202

ZOE G. MAHOOD
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Raleigh Area Office
1309 Annapolis Drive
Raleigh, North Carolina 27608
Telephone: 919 856 4080
Facsimile: 919 856 4156

ATTORNEYS FOR PLAINTIFF

6